**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| HILLARY KAPLAN, | ) |
|               Plaintiff, | ) Case No: |
| v. | ) Judge |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | ) |
|               Defendant. | ) |

**VERIFIED COMPLAINT**

Hillary Kaplan ("Plaintiff") brings this action against defendant Newrez d/b/a Shellpoint Mortgage Servicing ("Defendant" or "Shellpoint") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant for damages resulting from its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

1

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

4. A credit entry may be inaccurate within the meaning of the FCRA because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.

## JURISDICTION

5. Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Plaintiff resides in this district and a substantial part of the events or omissions giving rise to these claims occurred in this district.

## PARTIES

7. Plaintiff, Hillary Kaplan, is a natural person who resides in Kane County, Illinois.

8. Shellpoint manages mortgage loans after mortgage lenders originate them. Shellpoint is a Delaware LLC with a registered agent in Illinois located at Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

9. Shellpoint is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

## FACTS

10. Shellpoint serviced a mortgage loan ending in Act. 9475 for Plaintiff and Wade Cunat on or about April 30, 2020 until February 18, 2022. This mortgage concerned property located in Crystal Lake, Illinois.

11. Plaintiff's mortgage loan with Shellpoint was in a COVID-19 forbearance that was

due to end in November 2021.

12. Shellpoint then approved Plaintiff for a standalone Partial Claim such that her first payment to Shellpoint would be due January 1, 2022.

13. Wade Cunat skipped town and as a result, Plaintiff and her daughter needed to sell the Crystal Lake property and to purchase another property without Cunat.

14. Plaintiff scheduled a closing to sell the Crystal Lake property and to purchase another property. The closing was first scheduled to take place in January 2022 but ultimately did not cluse until February 17, 2022.

15. Due to the COVID-19 forbearance and Partial Claim, Plaintiff began calling and writing Shellpoint in November 2021 so that she could pay off the loan and not miss any mortgage payments that could impact her ability to obtain credit on a new mortgage for a new home for her and her daughter.

16. Plaintiff attempted to make payments to Shellpoint to ensure there were no late payments, but Shellpoint refused to accept those payments colored under reasons of the Partial Claim application.

17. From November 2021 – February 17, 2022, Plaintiff called or emailed with Shellpoint dozens of time in which Shellpoint representatives provided Plaintiff with a moving target as far as how to handle the COVID-19 forbearance, the Partial Claim, and the payoff of her entire mortgage.

18. On February 17, 2022, Plaintiff closed on the Crystal Lake property and paid of the Shellpoint mortgage, while receiving $53,025.82 in cash back.

19. But Plaintiff lost the home she was trying to purchase because of erroneous and derogatory marks on her credit report that were furnished by Shellpoint.

20. Plaintiff—with the help of an attorney—contacted Shellpoint directly to fix the errors on Plaintiff's credit report. Plaintiff also contacted the Consumer Financial Protection Bureau, Illinois Attorney General, and the Better Business Bureau. But Shellpoint refused to correct the errors contained in her credit reports.

21. Plaintiff then sent dispute letters—via certified mail—to Equifax, Experian, and Trans Union about the errors as to Plaintiff's Shellpoint mortgage account.

22. On March 27, 2022, Equifax received Plaintiff's dispute letter at 8:10am in which Plaintiff stated that Shellpoint was erroneously reporting a balance owed, amount past due, a scheduled payment of $1,788, not more than 3 payments past due, a 30-day late for December 2021, a 60-day late for January 2022 and a date of first delinquency of March 1, 2021.

23. Upon information and belief, Equifax forwarded this dispute letter to Shellpoint within 5-busienss days of receiving it.

24. Plaintiff's Equifax report no longer shows that Plaintiff owes a balance. But it still erroneously reports Plaintiff as 30-days late for December 2021 and 60-days late for January 2022.

25. On March 26, 2022, Experian received Plaintiff's dispute letter at 4:14pm in which Plaintiff stated that Shellpoint was erroneously reporting a balance owed, amount past due, a scheduled payment of $1,788, not more than 3 payments past due, a 30-day late for December 2021, a 60-day late for January 2022 and a date of first delinquency of March 1, 2021.

26. Upon information and belief, Experian forwarded this dispute letter to Shellpoint within 5-busienss days of receiving it.

27. Plaintiff's Experian report no longer shows that Plaintiff owes a balance. But it still erroneously reports Plaintiff as 30-days late for December 2021 and 60-days late for January 2022.

28. On March 24, 2022, Trans Union received Plaintiff's dispute letter at 4:55pm in

which Plaintiff stated that Shellpoint was erroneously reporting a balance owed, amount past due, a scheduled payment of $1,788, not more than 3 payments past due, a 30-day late for December 2021, a 60-day late for January 2022 and a date of first delinquency of March 1, 2021.

29. Upon information and belief, Trans Union forwarded this dispute letter to Shellpoint within 5-busienss days of receiving it.

30. Plaintiff's Trans Union report no longer shows that Plaintiff owes a balance. But it still erroneously reports Plaintiff as 30-days late for December 2021 and 60-days late for January 2022.

31. These reported late payment statuses are inaccurate.

32. These reported late payment statuses—if they are considered technically correct—are misleading to potential third party creditors as it makes it look like Plaintiff merely refused to honor her contract for the months of December 2021 and January 2022; which is not true.

33. Shellpoint's investigation into Plaintiff's 3 dispute letters was inaccurate.

34. At all times pertinent hereto, the conduct of Defendant as well as their respective agents, servants, and employees, were malicious, intentional, willful, reckless, negligent and in wanton disregard for the rights of Plaintiff under applicable law.

35. As a direct and proximate result of Defendant's willful and negligent actions, conduct, and omissions, Equifax, Experian, and Trans Union published inaccurate derogatory information about Plaintiff to third parties. Accordingly, Plaintiff suffered cognizable actual damages, including but not limited to: (a) not yet known credit harm; (b) damage to Plaintiff's reputation for creditworthiness; (c) unable to move forward with a home mortgage; and (d) emotional distress, anxiety, frustration, humiliation, and embarrassment.

36. Because Defendant is reporting erroneous information about Plaintiff to different

5

third parties, Plaintiff's privacy rights were violated

37. Plaintiff has suffered damages proximately caused by the conduct of Defendant, including:

    i. Emotional distress, humiliation, guilt, stress, anxiety;

    ii. Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate reporting;

    iii. Believing that the inaccurate reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on Plaintiff's ability to obtain credit;

    iv. Adverse information on Plaintiff's credit reports and a negative impact to Plaintiff's credit rating;

    v. An inability to improve Plaintiff's credit during the dispute process;

    vi. A lower credit score; and

    vii. Having to hire attorneys to combat the improper credit reporting.

## Count I
## Violations of FCRA § 1681s-2(b)

38. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

39. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Shellpoint receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Shellpoint] shall conduct an investigation with respect to the disputed information."

40. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Shellpoint receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Shellpoint] shall review all relevant information provided by the consumer reporting agency…"

41. Shellpoint failed to fully and properly investigate Plaintiff's disputes.

42. Shellpoint failed to review all relevant information provided by Equifax, Experian, or Trans Union relating to Plaintiff's disputes.

43. Shellpoint 's conduct, action, and inaction was willful, or, in the alternative, negligent.

44. Plaintiff suffered embarrassment, humiliation, and emotional distress because of Shellpoint 's failure to fully and properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction of Plaintiff's credit report; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: May 3, 2022

Respectfully submitted,

HILLARY KAPLAN, plaintiff,

By: /s/James M. Smith

Richard J. Doherty
James M. Smith
Doherty Smith, LLC
9501 W. 144th Place
Suite 101
Orland Park, IL 60462
Phone: 708.645.8824
Fax: 312.319.4084
RDoherty@dohertysmith.com
JSmith@dohertysmith.com

7

## **VERIFICATION**

Plaintiff Hillary Kaplan declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Illinois.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Illinois that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 5/3/2022 _____

*Hillary Kaplan*
ID tfV59nSN7yv1B3G2ThKxw28h
_____
/s/ Hillary Kaplan, Plaintiff

8

## eSignature Details

**Signer ID:** **tfV59nSN7yv1B3G2ThKxw28h**
Signed by: Hillary Kaplan
Sent to email: hillary32003@yahoo.com
IP Address: 165.75.7.140
Signed at: May 3 2022, 1:04 pm CDT